IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| KATHERINE ANN ASHELY, KATELYN PHILLIPS, SAVANNAH SMITH, and DEANNIA KEITH<br><br>*Plaintiffs,*<br><br>v.<br><br>COLTAN JONES, individually, and SHERIFF MICHAEL REAGON, individually, FENTRESS COUNTY<br><br>*Defendants.* | Case No.<br>JURY DEMANDED |

## COMPLAINT

Comes now the Plaintiff, KATHERINE ANN ASHLEY, KATELYN PHILLIPS, SAVANNAH SMITH, and DEANNIA KEITH by undersigned counsel and for their complaint against the Defendants state the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 with this Complaint arising under a violation of rights conferred by federal statutes and the Constitution of the United States of America. Additionally, this court has supplemental jurisdiction over the Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343(a)(3) because this action seeks redress for a deprivation, under color of state law, of rights

secured to the Plaintiffs by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and 15 U.S.C. § 6851.

3. Plaintiffs assert claims for relief under 42 U.S.C. § 1983, which authorizes action to redress the deprivation, under color of state law, of rights, privileges, or immunities secured to Plaintiff by the Constitution or laws of the United States of America and 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

4. Plaintiff asserts claims for relief under 15 U.S.C. § 6851 which authorizes action to redress the nonconsensual transfer of intimate visual depictions using instrumentalities of interstate commerce.

5. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because one or more defendants reside in this judicial district and all defendants are residents of the State of Tennessee. Additionally, a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

### PARTIES

6. Plaintiff Katherine Ann Ashely is an adult female resident of Tennessee and is currently incarcerated at the Morgan County Jail.

7. Plaintiff Katelyn Phillips is an adult female resident of Tennessee and is currently incarcerated at the Fentress County Jail.

8. Plaintiff Savannah Smith is an adult female resident of Tennessee and is

currently residing in Jamestown, TN. She is no longer incarcerated.

9. Plaintiff Deannia Keith is an adult female resident of Tennessee and is currently residing in Kodak, TN. She is no longer incarcerated.

10. Defendant Coltan Jones, who is sued in his individual capacity, was a sheriff's deputy who served as a correctional officer at the Fentress County Jail.

11. Defendant Michael Reagon, who is sued in his individual capacity, is the elected Sheriff of Fentress County.

12. Defendant Fentress County is a political subdivision of the State of Tennessee.

### FACTUAL ALLEGATIONS

13. On or about March 9 – April 7, 2023, Defendant Coltan Jones, while on duty and acting in his capacity as a sheriffs' deputy correctional officer at Fentress County Jail, used his cellphone to transfer photographs of each Plaintiff's uncovered genitals, pubic area, and/or nipples captured while they were inmates at the Fentress County Jail.

14. The photographs were not taken directly but were instead photographs of the surveillance system displays within the Fentress County Jail.

15. The Fentress County Jail's camera system was set up to capture the female inmates' showers and transmit the video feed of their naked bodies on the surveillance system displays.

16. Those surveillance system displays were routinely monitored by male guards, including Coltan Jones, who had unfettered access to the surveillance system displays.

17. During March 9 – April 7, 2023, Plaintiffs were inmates of the Fentress County Jail.

18. During March 9 – April 7, 2023, Plaintiff Ashley, Plaintiff Phillips, and Plaintiff Keith were pretrial detainees at the Fentress County Jail.

19. During March 9 – April 7, 2023, Plaintiff Smith was sentenced and serving out her time for violating probation.

20. At no time did any Plaintiff give consent to Defendant Coltan Jones to capture or transfer these images, nor could they have given such consent given their status as inmates.

21. The photos captured by Defendant Coltan Jones and the videos routinely displayed on the Fentress County Jail's surveillance system depicted the plaintiffs' uncovered genitals, pubic area, and/or nipples.

22. On or around mid-July of 2023, Tennessee Bureau of Investigation Special Agents visited the Fentress County Jail to interview the Plaintiffs.

23. During their interview, the TBI agents informed Plaintiff Ashley that they were investigating an incident that occurred where a correctional officer, Coltan Jones, captured photographs of female inmates where their nude bodies were visible.

24. The photographs were captured by Coltan Jones from the surveillance system displays at the Fentress County Jail.

25. Fentress County's inmate grievance procedure requires inmates to submit a grievance within seven (7) days of the event giving rise to the grievance with

no exceptions. Based on this limitation, Fentress County's inmate grievance procedure is not capable of use to obtain relief under these circumstances and is effectively not available.

26. Plaintiffs Ashley and Phillips (the only plaintiffs still incarcerated at the time this complaint is filed) submitted multiple grievances after the TBI informed them of the misconduct involving the display and photography of their nude bodies at the Fentress County Jail.

27. After filing multiple grievances, Plaintiff Ashley received a response from the Fentress County Jail Administrator:

> First of all like, I Already told you, trustee's don't have Camera acess at all. The rule is And Always has been no cell phones in the tower. We have male And female guards that monitor the control tower. It's unfortunate what Mr. Jones allegedly Did. It's not against the law to have male And female guards monitoring the tower Per TCI Standards.

28. Plaintiffs Ashley and Phillips asked guards about the appeal process but no guard could explain to them what that process entailed. Instead, the jail administrator called Plaintiffs Ashley and Phillips into her office and explained that there is nothing she can do about the grievances and they should stop submitting grievances related to Jones or the shower monitoring.

29. To the extent any administrative relief was available, Plaintiffs Ashley and Phillips exhausted all remedies through their grievance submissions and

attempts to appeal.

30. During the time period relevant to this litigation, the Fentress County Jail maintained a custom and practice whereby male guards had unrestricted access to the surveillance system camera displays which captured female inmates nude in the showers.

31. Maintaining surveillance cameras monitored by male guards that exhibit nude female inmates in the showers serves no legitimate penological interest.

32. Defendant Sheriff Michael Reagon has final policymaking authority for the placement of cameras within the Fentress County Jail.

33. Defendant Sheriff Michael Reagon has final policymaking authority with respect to which guards have access to monitor the jail's video surveillance system.

34. Defendant Sheriff Michael Reagon knew that the jail's surveillance system was set up to capture the female inmates showering.

35. Defendant Sheriff Michael Reagon knew that the jail's surveillance system displays were routinely monitored by male guards with unfettered access to the video feeds from the female inmate's showers.

36. Defendant Sheriff Michael Reagon maintained policies and customs which permitted male guards to monitor the video feeds from the female inmate's showers.

37. On February 16, 2024, Coltan Jones was indicted for the following charges:

| Count | Charge | Tenn Code Annotated § | (Class) |
|---|---|---|---|
| 1 | OFFICIAL MISCONDUCT | 39-16-402 | E F |
| 2 | OFFICIAL MISCONDUCT | 39-16-402 | E F |
| 3 | OFFICIAL MISCONDUCT | 39-16-402 | E F |
| 4 | OFFICIAL MISCONDUCT | 39-16-402 | E F |
| 5 | UNLAWFUL PHOTOGRAPHY | 39-13-605 | A M |
| 6 | UNLAWFUL PHOTOGRAPHY | 39-13-605 | A M |
| 7 | UNLAWFUL PHOTOGRAPHY | 39-13-605 | A M |
| 8 | UNLAWFUL PHOTOGRAPHY | 39-13-605 | A M |

## COUNT 1 – VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS–
### Unlawful Search and Violation of Right to Bodily Privacy
### 42 U.S.C. § 1983
### (ALL DEFENDANTS)

38. Defendant Coltan Jones used the access to Plaintiffs' nude bodies provided to him as a jailer within the Fentress County Sheriff's Office to transfer the Plaintiffs' nude images.

39. As pretrial detainees, Plaintiffs Ashley, Phillips, and Keith were protected from unlawful searches by the Fourth Amendment, made applicable to the states via the Fourteenth Amendment.

40. Defendant Coltan Jones acted under color of law because he was on duty as a jailer at the time he accessed and transmitted images of the plaintiffs' nude bodies.

41. Defendant Coltan Jones violated Plaintiffs fourth amendment right to be free from unreasonable searches and the limited right of bodily privacy by regularly observing and photographing the plaintiffs while nude and showering.

42. Defendant Sheriff Michael Reagon is liable under a deliberate indifference theory because he knew or had reason to know and recklessly disregarded the

facts that:

   a) Surveillance cameras were placed to observe the female inmates showering.

   b) Male guards routinely had unfettered access to the display feed from the surveillance cameras.

   c) No legitimate penological interest existed to justify the routine viewing of nude female inmates by male guards.

43. Fentress County is liable as a municipality for the violations of Plaintiff's Fourth Amendment Right to Bodily Privacy, and to right to be free from unreasonable searches and seizures.

   a) Fentress County maintained a policy and custom where female inmates are forced to be regularly exposed to surveillance by male officers while naked via the surveillance system's cameras and displays.

   b) Failure to prohibit correctional officers from monitoring surveillance cameras of inmates of the opposite sex while performing intimate activities including but not limited to showering and using the restroom.

   c) The failure to provide any training whatsoever on the Fourth and Fourteenth Amendment rights of inmates with respect to their bodily privacy.

# COUNT 2 - VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS–
## Cruel and Unusual Punishment
## 42 U.S.C. § 1983
## (ALL DEFENDANTS)

44. Defendant Coltan Jones used the access to Plaintiffs' nude bodies provided to him as a jailer within the Fentress County Sheriff's Office to transfer the Plaintiffs' nude images.

45. As pretrial detainees, Plaintiffs Ashley, Phillips, and Keith the Due Process Clause of the Fourteenth Amendment protects them from cruel and unusual punishment.

46. As an inmate serving a sentence for violation of probation, the Eighth Amendment applies to protect Plaintiff Smith from cruel and unusual punishment.

47. Defendant Coltan Jones acted under color of law because he was on duty as a jailer at the time he accessed and transmitted images of the plaintiffs' nude bodies.

48. Defendant Coltan Jones violated Plaintiffs right to be free from cruel and unusual punishments by regularly observing and photographing the plaintiffs while nude and showering.

49. Defendant Sheriff Michael Reagon is liable under a deliberate indifference theory because he knew or had reason to know and recklessly disregarded the facts that that:

    a) Surveillance cameras were placed to observe the female inmates showering.

b) Male guards routinely had unfettered access to the display feed from the surveillance cameras.

c) No legitimate penological interest existed to justify the routine viewing of nude female inmates by male guards.

50. Fentress County is liable as a municipality for the violations of Plaintiffs right to be free from cruel and unusual punishment as follows:

a) Fentress County Jail maintained a policy and custom where female inmates are forced to be regularly exposed to surveillance by male officers while naked via the surveillance system's cameras and displays.

b) Fentress County failed to prohibit correctional officers from monitoring surveillance cameras of inmates of the opposite sex while performing intimate activities including but not limited to showering and using the restroom.

**COUNT 3 – VIOLATION OF 15 U.S.C § 6851 –
VIOLATION OF THE VIOLENCE AGAINST WOMEN ACT
(DEFENDANT COLTAN JONES)**

51. As described above, Coltan Jones transmitted nude images of the Plaintiffs from the Fentress County Jail's surveillance video feed to his cell phone.

52. Each Plaintiff was identifiable in a separate image containing their uncovered genitals, pubic area, and/or nipple.

53. Coltan Jones transferred these images of the Plaintiffs from the jail surveillance system using a cell phone connected to internet and telecommunications networks.

54. Cell phones are a "means or facility of interstate commerce."

55. Therefore, Defendant Coltan Jones is liable for liquidated damages in the amount of $150,000.00 per plaintiff pursuant to 15 U.S.C. § 6851.

### COUNT 4 – T.C.A. § 8-8-302 COUNTY LIABILITY FOR DAMAGES (DEFENDANT FENTRESS COUNTY)

56. Tenn. Code Ann. § 8-8-302 provides that a county is liable for damages resulting from the wrongful acts of deputies appointed by the sheriff.

57. "Deputy" includes jailers appointed by a sheriff pursuant to Tenn. Code Ann. § 41-4-101.

58. Coltan Jones was appointed by Sheriff Reagon pursuant to Tenn. Code Ann. § 41-4-101.

59. Fentress County is liable for the damages arising from Coltan Jones' violations of the plaintiff's federally protected constitutional and statutory rights as alleged in Counts 1, 2, and 3.

### DAMAGES

60. Plaintiffs Ashley and Phillips **do not** bring claims based on mental or emotional injury. Their claims rest on damages for the violation of their constitutional rights and for liquidated damages under 15 U.S.C. § 6851.

61. Based on the direct and proximate results of the Defendants' violations of their federally protected constitutional rights, Plaintiffs request compensation for:

    a) Mental suffering and emotional distress (plaintiffs Smith and Keith only)

    b) Presumed damages for constitutional violations (All plaintiffs)

62. Based on the violation of 15 U.S.C. § 6851, and by operation of T.C.A. § 8-8-302, Plaintiffs are entitled to an award of liquidated damages against Coltan Jones and Fentress County.

63. Based on the intentional and reckless misconduct in Counts 1 and 2, all Plaintiffs request an award of punitive damages against Coltan Jones.

## REQUEST FOR RELIEF

Based upon all of the foregoing, Plaintiff Katherine Ashley, Katelyn Phillips, and Deannia Keith, and Savannah Smith request:

I. Process be issued and that each Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

II. A jury be empaneled to try this case;

III. That Declaratory Judgments be entered against all Defendants for Counts 1 and 2;

IV. That a Declaratory Judgment be entered against Coltan Jones for Count 3;

V. That all Plaintiffs be awarded nominal damages from all Defendants for Counts 1 and 2;

VI. That all Plaintiffs be awarded compensatory damages in the amount of $15,000.00 each for presumed damages for Counts 1 and 2;

VII. That Plaintiffs Smith and Keith be awarded compensatory damages in the amount of $100,000.00 each for mental and emotional distress for Counts 1 and 2;

VIII. That all Plaintiffs be awarded punitive damages for Counts 1 and 2 against Defendant Coltan Jones in an amount deemed appropriate by a jury;

IX. That all Plaintiffs be awarded liquidated damages in the amount of $150,000.00 each for the transmission of their intimate visual depictions against Defendants Coltan Jones and Fentress County for Counts 3 and 4;

X. That Plaintiffs be awarded reasonable attorney's fees, costs, and expenses under 42 U.S.C. § 1988 and 15 U.S.C. § 6851;

XI. For pre- and post-judgment interest on all damages awarded;

XII. For such other, further, and general relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ Wesley Clark*
Wesley Ben Clark, #32611
Frank Ross Brazil #34586
Paul D Randolph #39667
BRAZIL CLARK, PLLC
2901 Dobbs Avenue
Nashville, TN 37211
615-730-8619
615-634-3651 (fax)
wesley@brazilclark.com
frank@brazilclark.com
paul@brazilclark.com