**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **KATHERINE ANN ASHLEY, KATELYN PHILLIPS, SAVANNAH SMITH, and DEANNIA KEITH,** | ) | |
| **Plaintiff,** | ) | **Case No.: 2:24-cv-00011** |
| **v.** | ) | **JUDGE CRENSHAW**<br>**MAGISTRATE JUDGE NEWBERN** |
| **COLTAN JONES, individually, and, SHERIFF MICHAEL REAGON, Individually, FENTRESS COUNTY** | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

---

## ANSWER TO COMPLAINT FILED ON BEHALF OF SHERIFF REAGON AND FENTRESS COUNTY

---

Defendants, Sheriff Michael Reagon, in his individual capacities, and Fentress County, Tennessee, hereby respond to the complaint filed against them in the above-captioned cause of action as follows:

### JURISDICTION AND VENUE

1. These defendants admit that this Court has jurisdiction of the litigation. These defendants further admit that this Court may exercise supplemental jurisdiction but denies that the Court should do so in this case.

2. These defendants admit that this Court has jurisdiction of this litigation. However, these defendants deny that 15 U.S.C. § 6851 is applicable to this matter and/or these defendants.

3. Paragraph 3 does not contain factual allegations. However, these defendants deny that Plaintiffs are entitled to relief as alleged in paragraph 3.

4. Paragraph 4 does not contain factual allegations. However, these defendants deny that Plaintiffs are entitled to relief as alleged in paragraph 4.

5. These defendants admit that venue is appropriate in this Court.

**PARTIES**

6. These defendants deny that Plaintiff Ashley is currently in the Morgan County Jail but admit the remaining allegations within paragraph 6.

7. These defendants deny that Plaintiff Phillips is currently in the Fentress County Jail but admit the remaining allegations within paragraph 7.

8. These defendants lack sufficient information or knowledge to admit or deny the current residence of Plaintiff Smith, but admit the remaining allegations contained within paragraph 8.

9. These defendants lack sufficient information or knowledge to admit or deny the current residence of Plaintiff Keith, but admit the remaining allegations contained within paragraph 9.

10. These defendants admit that Defendant Jones served as a corrections officer for Fentress County. However, the remaining allegations contained within paragraph 10 are denied.

11. These defendants admit the allegations contained within paragraph 11.

12. These defendants admit the allegations contained within paragraph 12.

**FACTUAL ALLEGATIONS**

13. These defendants lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 13.

14. Upon information and belief, these admit the allegations contained within paragraph 14.

15. These defendants deny the allegations contained within paragraph 15.

16. These defendants deny the allegations as stated. These defendants admit that all corrections officers working within the tower have access to view the security monitors. However, to the extent that Plaintiffs allege that these corrections officers have access to cameras directed at the showers in a manner that a full body view of the inmates are available for viewing, the allegations are denied. It is avers that the showers in question have a 61 inch tall by 38 inch wide walls and shower curtains provided to prevent such views. Any remaining allegations contained within paragraph 16 are denied.

17. These defendants admit the allegations contained within paragraph 17.

18. These defendants admit the allegations contained within paragraph 18.

19. These defendants admit the allegations contained within paragraph 19.

20. These defendants lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 20.

21. These defendants deny the allegations contained within paragraph 21.

22. These defendants admit the allegations contained within paragraph 22 as it pertains to Plaintiffs Ashley and Phillips. The remaining allegations contained within paragraph 22 are denied.

23. These defendants lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 23.

24. These defendants currently lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 24.

25. These defendants admit that the grievance policy requires submission within seven days, however the remaining allegations contained within paragraph 25.

26. These defendants admit that Plaintiffs Ashley and Phillips filed grievances but deny that such were filed until several months after the TBI interviewed them. Any other allegations contained within paragraph 26 are denied.

27. These defendants admit that Ms. Ashley received a response as identified in paragraph 27. However, these defendants deny that the actual cut and pasted response is from Ms. Ashley's grievance or that the response was after "multiple grievances." Any remaining allegations contained within paragraph 27 are denied.

28. These defendants currently lack sufficient information or knowledge to admit or deny whether the identified plaintiffs talked to corrections officers, or the responses given. However, these defendants deny the remaining allegations contained within paragraph 28.

29. These defendants deny the allegations contained within paragraph 29.

30. These defendants deny the allegations as stated. These defendants admit that any corrections officer working in the tower had a duty to monitor all security cameras, including those that captured activity within the female pods. These defendants deny that such cameras captured female inmates' full bodies within the shower area. Instead, these defendants aver that the inmate showers provided an approximate 61 inch tall by 38 inch wide concrete walls and shower curtain which provided some privacy to the inmates. Any other remaining allegations contained within paragraph 30 are denied.

31. These defendants deny the allegations contained within paragraph 31.

32. These defendants admit the allegations contained within paragraph 32.

33. These defendants deny the allegations as stated. These defendants admit that Sheriff Reagon is the final policymaker for the Fentress County Sheriff's Department. However, it is denied that Sheriff Reagon has policies pertaining to the scheduling of

shifts for the correction officers. Further, it is denied that Sheriff Reagon took part in the day-to-day shift schedule of jail personnel. Any remaining allegations contained within paragraph 33 are denied.

34. These defendants deny the allegations as stated. These defendants admit that Sheriff Reagon was aware that the cameras were positioned in a manner which allowed all activity within the pod to be monitored. However, to the extent that the allegation intends to allege that the security cameras were positioned to capture the inmates' full body while showering, such allegations are denied. Any remaining allegations contained within paragraph 34 are denied.

35. These defendants deny the allegations as stated. These defendants admit that Sheriff Reagon was aware that all corrections officers who worked in the tower had the ability to monitor the security cameras, including the shower areas. Any remaining allegations contained within paragraph 35 are denied.

36. These defendants admit that it is customary for both male and female corrections officers to rotate working in the tower, which includes monitoring all security cameras. Any other allegations contained within paragraph 36 are denied.

37. Upon information and belief, these defendants admit the allegations contained within paragraph 37.

**COUNT 1–VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS–**
**Unlawful Search and Violation of Right to Bodily Privacy**
**42 U.S.C. § 1983**
**(ALL DEFENDANTS)**

38. These defendants lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 38.

39. Paragraph 39 does not contain a question of fact.

40. These defendants deny the allegations contained within paragraph 40.

41. Paragraph 41 does not pertain to these defendants.

42. These defendants deny the allegations contained within paragraph 42.

43. These defendants deny the allegations contained within paragraph 43.

**COUNT 2–VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS–**
**Cruel and Unusual Punishment**
**42 U.S.C. § 1983**
**(ALL DEFENDANTS)**

44. Paragraph 44 does not pertain to these defendants.

45. Paragraph 45 does not contain a factual allegation. However, these defendants deny that Plaintiffs' constitutional rights were violated by these defendants. Any other allegations contained within paragraph 45 are denied.

46. Paragraph 46 does not contain a factual allegation. However, these defendants deny that Plaintiff's constitutional rights were violated by these defendants. Any other allegations contained within paragraph 45 are denied.

47. These defendants deny the allegations contained within paragraph 47.

48. Paragraph 48 does not pertain to these defendants.

49. These defendants deny the allegations contained within paragraph 49.

50. These defendants deny the allegations contained within paragraph 50.

**COUNT 3–VIOLATION OF 15 U.S.C. § 6851 –**
**VIOLATION OF THE VIOLENCE AGAINST WOMEN ACT**
**(DEFENDANT COLTAN JONES)**

51. Paragraph 51 does not pertain to these defendants.

52. Paragraph 52 does not pertain to these defendants.

53. Paragraph 53 does not pertain to these defendants.

54. Paragraph 54 does not pertain to these defendants.

55. Paragraph 55 does not pertain to these defendants.

**COUNT 4–T.C.A. § 8-8-302 COUNTY LIABILITY FOR DAMAGES (DEFENDANT FENTRESS COUNTY)**

56. These defendants admit that the statute speaks for itself and requires no response from these defendants. However, these defendants deny that the plaintiffs are entitled to recover under this statutory scheme.

57. These defendants admit that the statute speaks for itself and requires no response from these defendants. However, these defendants deny that the plaintiffs are entitled to recover under this statutory scheme.

58. These defendants admit the allegations contained within paragraph 58.

59. These defendants deny the allegations contained within paragraph 59.

**DAMAGES**

60. Paragraph 60 does not contain questions of fact. However, these defendants deny that the plaintiffs are entitled to the damages alleged.

61. Paragraph 61 does not contain questions of fact. However, these defendants deny that the plaintiffs are entitled to the damages alleged.

62. Paragraph 62 does not contain questions of fact. However, these defendants deny that the plaintiffs are entitled to the damages alleged.

63. Paragraph 63 does not pertain to these defendants.

**REQUEST FOR RELIEF**

These defendants deny that the plaintiffs are entitled to any of the relief requested in his prayer for relief.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim against these defendants for which relief can be granted.

2. To the extent the plaintiffs have properly stated a cause of action under 42 U.S.C. § 1983, the individual defendant is entitled to qualified immunity and/or absolute immunity from money damages.

3. These defendants aver that no action or inaction on their part deprived the plaintiffs of any interest protected by the Federal Constitution, the Constitution of the State of Tennessee, or any other applicable federal or state statute or law.

4. These defendants aver that the plaintiffs have failed to articulate a custom, policy, or practice as to the County and, as such, have failed to state a claim of governmental liability.

5. These defendants aver that the County is immune from suit for the state law claims asserted and for any claim of punitive damages.

6. These defendants request that they be awarded attorney's fees as well as costs and expenses pursuant to the provisions of 42 U.S.C. § 1988 and as otherwise provided by law.

7. These defendants specifically request a jury of twelve (12) try those issues which are properly tried by a jury.

8. These defendants specifically reserve the right to amend this pleading and plead further based upon the facts that become available during the discovery process.

Having answered the complaint and asserted their affirmative defenses, these defendants pray that the complaint be dismissed with the costs taxed to the plaintiffs.

Respectfully submitted,

*/s/ Robyn Beale Williams*

Robyn Beale Williams, BPR #19736
William H. "Billy" Leslie, BPR #36098
**FARRAR | BATES | BEREXA**
12 Cadillac Drive, Suite 480
Brentwood, Tennessee 37207
Phone: 615-254-3060
Fax: 615-254-9835
rwilliams@fbb.law
bleslie@fbb.law
*Counsel for Defendants Sheriff Michael Reagon and Fentress County, Tennessee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 4th day of April, 2024, a true and correct copy of the foregoing has been forwarded via the Courts electronic filing system, to:

Wesley Ben Clark, BPR #32611
Frank Ross Brazil, BPR #24586
Paul D. Randolph, BPR #39667
Brazil Clark, PLLC
2901 Dobbs Avenue
Nashville, TN 37204
Phone: 615-730-8619
Fax: 615-634-3651
wesley@brazilclark.com
frank@brazilclark.com
paul@brazilclark.com
*Counsel for Plaintiffs*

Coltan Jones
1602 South Les Franklin Road
Jamestown, TN 38556
*Defendant*

*/s/ Robyn Beale Williams*
Robyn Beale Williams