UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

**[Filed Electronically]**

KATHERINE ANN ASHLEY,
KATELYN PHILLIPS
SAVANNAH SMITH, and
DEANNIA KEITH
    PLAINTIFFS

v.

    Case No. 2:24-cv-00011
    Judge Waverly D. Crenshaw, Jr.
    Magistrate Judge Alistair E. Newbern

COLTAN JONES, Individually; and
SHERIFF MICHAEL REAGON, individually;
FENTRESS COUNTY
    DEFENDANTS

**DEFENDANT COLTAN JONES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY CIVIL PROCEEDINGS AND FILING OF ANSWER**

Comes now Defendant Coltan Jones, individually, through counsel, and respectfully submits memorandum of law in support of his motion to stay the civil proceedings against him, including the filing of answer.

Pursuant to Local Rule 7.01, the undersigned has conferred with all parties to this litigation concerning this motion to stay. The parties are in agreement on a six-month stay as it pertains to Defendant Jones. Plaintiffs' counsel does not oppose a stay and does not object to Defendant Jones not filing an answer during the stay. Defenant Jones stipulates that should the criminal case be resolved during the stay, Defendant Jones will promptly notify all counsel and the Court.

### INTRODUCTION

Plaintiffs' Complaint ("Complaint") alleges inappropriate conduct by Defendant Coltan Jones while he was on duty as a Deputy Sheriff and working as a correctional officer at the Fentress

1

County Jail. Compl. at ¶ 13. On or about February 16, 2024, Defendant Jones was indicted for multiple offenses arising out of this alleged conduct. *Id.* at ¶ 37. On February 26, 2024, Plaintiffs commenced this civil action, which concerns the same conduct for which Defendant Jones was indicted. In order to protect his constitutional rights, Defendant Jones respectfully requests this Court stay the civil proceedings against him, including the filing of an answer, for six months so that he may attempt to resolve his pending criminal case.

## ARGUMENT

**I. Allowing the civil litigation to proceed with respect to Defendant Jones, including the filing of an answer, while the related criminal case is pending would substantially impair Defendant Jones' criminal defense.**

Because both this civil action and Defendant Jones' criminal proceedings arise out of the same allegations, allowing the civil litigation to proceed with respect to Defendant Jones would require him to choose between protecting his constitutional rights and properly defending this action. With respect to filing an answer to Plaintiffs' Complaint, Defendant notes that the Fifth Amendment privilege applies at every stage of a civil proceeding, including pleadings. *Rogers v. Webster*, 776 F.2d 607, 611 (6th Cir. 1985) (citing *In re Morganroth*, 718 F.2d 161 (6th Cir. 1983)) ("The Constitutional privilege against compulsory self-incrimination…privileges him not to answer questions put to him in any other proceeding, civil or criminal, formal or informal, where the answer might incriminate him in future criminal proceedings."). The privilege protects a defendant "from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions." *North River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 487 (4th Cir. 1987). If Defendant Jones were required to answer Plaintiff's Complaint while the parallel criminal case is pending, he would be forced to assert his Fifth Amendment privilege against self-

2

incrimination. Defendant submits that the more appropriate course of action would be to stay the civil proceedings, as they pertain to him, to allow for the resolution of his criminal case.

**II.     If Defendant were required to file an Answer, he would then be required to provide his Initial Disclosures under Rule 26 and comply with discovery requests, which would further prejudice his criminal case.**

Under Fed. R. Civ. P. 26, Defendant would be required to disclose the identities of witnesses and documents that support his defense without awaiting a discovery request from the Plaintiffs.[1] Due to the factual overlap between the criminal case and this civil action, such disclosure would greatly prejudice Defendant's ability to properly defend his criminal case. Defendant would effectively be tipping his hand to his criminal defense strategy, which if publicly disclosed, could be obtained by the prosecution. Tennessee law requires a criminal defendant to disclose documents supporting his criminal defense only if he has requested the same from the government. Tenn. R. Crim. P. 16(b)(1)(A). Furthermore, revealing the identities of defense witnesses would allow the Government to subpoena them for its case, thereby harming Defendant's case.

Were Defendant compelled to propound his initial disclosures, he would be forced to choose between complying with Rule 26 by listing himself as a witness, along with the subject of the information he possesses, and compromising his Fifth Amendment rights. If the litigation were to proceed with respect to Defendant, he would likely be forced to answer written discovery and give a deposition upon Plaintiff's request. As stated above, Defendant is privileged from answering

---

[1] "[A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26.

3

official questions put to him in any proceeding, including civil, where answers might incriminate him in future criminal proceedings. *Lefkowitz v. Turley*, 414 U.S. 70 (1973). Requiring initial disclosures and discovery from Defendant Jones while his criminal case is pending would implicate his Fifth Amendment rights and negatively impact his criminal case.

> **III.    Holding the instant civil proceedings in abeyance with respect to Defendant Jones is necessary to protect his constitutional rights and criminal defense.**

Federal district courts have wide discretion to stay a civil proceeding pending the outcome of a related criminal action. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014). This Court recently stayed civil proceedings pending the resolution of a related criminal matter. *See T.C. through Craig v. Maury Cnty. Government,* 1:19-CV-00092, 2020 WL 13663816 (M.D. Tenn. Jan. 31, 2020).

The Sixth Circuit has adopted six factors for the district court to consider when determining whether a stay of civil proceedings is appropriate:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*E.M.A. Nationwide*, 767 F.3d at 627 (citing *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D.Mich. 2007)). Additionally, the district courts "should consider the extent to which the defendant's fifth amendment rights are implicated." *Id.* (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995) (internal quotation marks omitted)).

In *T.C. through Craig v. Maury Cnty. Government*, this Court noted:

> "[T]he strongest case for deferring civil proceedings until after the completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-

4

Case 2:24-cv-00011    Document 14-1    Filed 05/06/24    Page 4 of 8 PageID #: 58

incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case."

*T.C. through Craig,* 2020 WL 13663816 at *1 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1475-76 (D.C. Cir.) (en banc), *cert. denied*, 449 U.S. 993 (1980)). The Court found that the Defendant had been "indicted on charges arising directly from the incident that is the subject of [the] civil case and all of the parties agree that a stay of this proceeding is warranted." *Id.* Considering the potential expenditure of time and resources to examine the precise contours of the Defendant's privilege of self-incrimination led the Court to find its interest in docket management weighed in favor of a stay. *Id.* The Court also noted that public interest was not impaired by delaying the civil proceeding. *Id.*

For many of the same reasons, a stay is appropriate in this case. Plaintiffs' lawsuit arises out of the same events that led to Defendant Jones' indictment. The facts of the Complaint relevant to Defenant Jones allege he took inappropriate pictures of Plaintiffs' while they were incarcerated at the Fentress County Jail. Compl. at ¶ 13. The Complaint specifically references Defendant Jones' indictment and lists each of the offenses he was charged with (multiple counts of Official Misconduct and Unlawful Photography). *Id.* at ¶ 37. The claims asserted against Defendant Jones' stem from Jones' alleged unlawful photography of Plaintiffs. As the Sixth Circuit noted in *E.M.A. Nationwide*:

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

5

767 F.3d at 628. Here, Defendant Jones has been indicted for the same conduct and the case is progressing towards trial. Accordingly, the first and second *E.M.A. Nationwide* factors weigh in favor of staying the instant proceedings.

As to the third factor, Plaintiffs' interests in proceeding expeditiously, weighed against any potential prejudice to them caused by a delay also favors a stay. This civil action is in its very early stages, with only a complaint having been filed. With the agreement of Plaintiffs' Counsel, Defendant Jones is proposing a limited, six-month stay of the proceedings, only with respect to him, in attempts to resolve the pending criminal case.[2] There are other defendants in this case with whom Plaintiff can proceed in discovery. The Court has not yet entered a scheduling order and therefore ample time can be arranged for discovery involving Defendant Jones after the criminal matter is resolved. Because the potential prejudice to Plaintiff created by the proposed stay is minimal, the third factor favors a stay.

Fourth, it would be against the private interests of Defendant Jones and unduly burden him to proceed with filing an Answer or discovery at this juncture. Defendant Jones would have to assert his Fifth Amendment rights to various averments in the Complaint and discovery requests while the criminal action remains pending, potentially leading to more litigation. If the civil proceedings with respect to him were stayed until resolution of the criminal case, discovery could then proceed wholesale.

As in *T.C. through Craig*, a stay also promotes the most efficient use of the Court's time and resources. It would minimize potential discovery disputes regarding Defendant Jones' assertion of his Fifth Amendment privileges. The public interest is also advanced by a stay. In

---

[2] At the conclusion of the six-month stay of these civil proceedings, if his criminal matter is not resolved at that time, Defendant Jones agrees to re-evaluate his criminal case status, determine if additional time is needed, and update the Court and opposing counsel.

addition to the public's interest in the efficient use of this Court's times and resources, the public also has an interest in the resolution of criminal matters. Conducting civil discovery while defending the criminal case would likely cause delay in the criminal proceedings.

Under these factors, staying the instant proceedings insofar as it pertains to Defendant Jones, is the most appropriate avenue to avoid prejudicing Defendant's constitutional rights and criminal defense.

## CONCLUSION

For the reasons set forth above, Defendant Jones respectfully requests this Court grant his motion to stay as it pertains to him, staying the instant civil proceedings for six months so that he can attempt to resolve his pending related criminal matter.

Respectfully submitted,

*/s/ L. Scott Miller*
L. Scott Miller, TN BPR # 034102
STURGILL, TURNER, BARKER & MOLONEY, PLLC
333 West Vine Street, Suite 1500
Lexington, Kentucky 40507

_____
STURGILL, TURNER, BARKER & MOLONEY, PLLC
415 West Central Avenue, Suite 1
LaFollette, Tennessee 37766-3463
(859) 255- 8581
smiller@sturgillturner.com
*Counsel for Defendant Coltan Jones*

# CERTIFICATE OF SERVICE

       I certify that on May 6, 2024, the foregoing document was filed with the CM/ECF filing system and that a true and correct copy was served electronically on the counsel of record and/or via regular U.S. Mail, postage prepaid, upon the following:

Wesley Ben Clark, #32611                         wesley@brazilclark.com
Frank Ross Brazil, #34586                         frank@brazilclark.com
Paul D. Randolph, #39667                         paul@brazilclark.com
BRAZIL CLARK, PLLC
2901 Dobbs Avenue
Nashville, TN 37211
*Counsel for Plaintiffs*

Robyn Beale Williams                              rwilliams@fbb.law
William Hamner Leslie                              bleslie@fbb.law
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN 37027
*Counsel for Defendant Sheriff Reagon and Fentress County, Tennessee*

Arthur F. Knight, III                                    aknight@taylorknightlaw.com
Taylor, Fleishman & Knight, G.P.
800 South Gay Street, Suite 600
Knoxville, TN 37929

                                                          /s/ *L. Scott Miller*
                                                          L. Scott Miller
                                                          *Counsel for Defendant Coltan Jones*

4893-0065-7596, v. 1

8

Case 2:24-cv-00011    Document 14-1    Filed 05/06/24    Page 8 of 8 PageID #: 62